Sam Caramonta

vs

Frank De Salvo  No.8968

Charles F.Claiborne,Judge.

February 19th 1923.

COURT OF APPEAL
PARISH OF ORLEANS
FILED 2/19/23.

Sam Caramonta

vs                             No.8968

Frank De Salvo

Charles F.Claiborne,Judge.

On motion to dismiss for want of jurisdiction.

The allegations of plaintiff's petition are that the defendant,Frank De Salvo,is indebted unto him in the sum of $10,000 for this: that on June 28th 1922 the said De Salvo,in defendant's barver shop,and in the hearing of a large number of persons made the following statement:to petitioner:You robbed me of $2.75 six months ago and you have been robbing me all along:" that said statement is slanderous and false,and uttered with a view of damaging plaintiff's reputation and good name.

The defendant admitted having spoken the words but pleaded provocation.

There was judgment in favor of defendant dismissing plaintiff's demand.

Plaintiff has appealed.

In this Court the defendant and appellee has moved to dismiss the appeal on several grounds:

1st      Because this Honorable Court is without jurisdiction, ratione materiae,as under the Articles of the Constitution of 1921,the claim of the plaintiff and appellant,not being one for personal injuries and being one for damages in excess of two thousand dollars."

There are other grounds urged for the dismissal of the appeal which our conclusions upon this point render us incompetent to consider.

The Constitution of 1921 in fixing the jurisdiction of the Court of Appeal for the Parish of Orleans,provides: Article VII- Section 77,P.59 : " The jurisdiction of the Court of Appeal for the Parish of Orleans shall be the same as that of the Courts of Appeal for the First and Second Circuits,except

407

as otherwise provided herein for appeals from the City Courts
for the Parish of Orleans".

Article VII,section 29,P.46 : " The Courts of Appeal,except as
otherwise provided in this Constitution,shall have appellate
jurisdiction only which jurisdiction shall extend to all cases,
Civil and probate,of which the Civil District Court for the
Parish of Orleans,or the District Courts throughout the State,
have exclusive original jurisdiction,regardless of the amount
involved,or concurrent jurisdiction exceeding one hundred dollars
exclusive of interest,and of which the Supreme Court is not
given jurisdiction,except as otherwise provided in this Consti-
tution,and all appeals shall be both upon the law and the facts."
Article VII- S 3 of Section 10 P.39 :

" It ( the Supreme Court ) shall have Appellate juris-
diction in Civil District suits where the amount in dispute,or
the fund to be distributed,irrespective of the amount therein
claimed,shall exceed two thousand dollars exclusive of interest,
except in suits for damages for physical injuries to,or for the
death of a person,or for other damages sustained by such person
or his heirs or legal representatives,arising out of the same
circumstances ; nor shall such appellate jurisdiction extend to
any suit for compensation under any State or Federal Workmen's
Compensation law,or employer's liability act ;provided,that
appeals properly granted to the Supreme Court,in such excepted
cases,prior to the adoption of this Constitution shall be
finally disposed of by said Court."

We are of opinion that this Court has appellate juris-
diction of suits for damages in excess of $2000 only when the
damages claimed result from " physical injuries inflicted upon
the person", and that the remaining words of the clause embrace
only such other damages to the property of the plaintiff as may
arise out of the same circumstances that caused the physical
injury to the person.

The object was to confer jurisdiction upon the Court of
Appeal for all the damages,to the person and to the property
which arose from the circumstances that brought about the phy-
sical injuries,so that the damage to the property,if any,should
be determined by the same Court that passed upon the damage
to the person,so as to create no conflict of opinion.
We are therefore of opinion that unless the damages in excess
of two thousand dollars result from physical injuries to the
person,or from injuries to the property,arising out of the same
cirsumstances,this Court has no jurisdiction.

Damages resulting from slander cannot be said to be
physical.They affect the fame,credit and reputation of the
plaintiff,and may cause moral anguish,but do no physical injury
to the person.

Courts must notice ex proprio motu of the want of juris-
diction.

La.Dig.P.539 S 520-24 A 94-33 A 339-35 A 346-36 A 418
37 A 41-39 A 113-45A 1316-48 A 1433.

The Court of Appeal properly dismissed an appeal in a
case involving more than $2,000 - 51 A 1311 .

The plaintiff relies upon 40 A 424 and 45 A 833 holding
that actions for slander are based upon Article C.C.2315 - That
may be;but those decisions do not hold that slander is a physical
injury.

He also relies upon the case of the Times Democrat vs
Nozee 136 Fed 761 where it was held that damages from libel
and slander are "personal injuries " .The same may be said of
that case.

Having arrived at the conclusion,that this Court has
no jurisdiction of this appeal,we cannot pass upon the other
questions involved in the motion to dismiss.

But we are not obliged to dismiss the appeal.Under Act
18 of 1912 P.25 we have the right to transfer the case to the

409

Supreme Court. *139 La 630 -*

It is, therefore ordered that this case be transferred to the Supreme Court, and that the record herein be filed in said Court within fifteen days from the time the decree herein shall become final; the costs of appeal to this Court to -be paid by the appellant.

Case transferred to Supreme Court.

February 19th 1923.